**SHAW JEWELERS, Plaintiff, v. WATKINS, Defendant.**

Municipal Court, Columbus.

No. 94485.   Decided October 28, 1959.

Jos. L. Eisenberg, for plaintiff.

Gerald J. Celebrezze, Asst. Atty. Genl., for defendant.

## OPINION

By TROOP, J.

This cause is on to be heard upon the motion of the Public Employees Retirement System, garnishee, to dismiss the subpoena issued herein.

The question raised by this motion is a constantly recurring one and although the decisions of this court in the past should tend to discourage creditors who attempt to attach funds in the hands of the Public Employees Retirement System, such attempts persist.

In the past counsel for the System has relied upon §145.56 R. C., and has been sustained without any exploration of the basic question involved, which may be the reason the court has been confronted with that same problem for so many times. For the first time, so far as this court knows, the attorney general's office has submitted testimony at the hearing and has prepared an excellent brief outlining in detail the procedure followed by the board and the law upon which that procedure is based, for which the court expresses sincere thanks.

As usual, the position of the System is the same. Reliance is upon §145.56 R. C., the pertinent part of which reads:

"The right of a person to a pension, as annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under §§145.01 to 145.57 inclusive, **R. C.,** * * * are hereby exempt from any state, county, municipal, or other local tax, and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or the insolvency laws, or other process of law, and shall be unassignable except as specifically provided in such sections."

The far reaching protection of this section seems not to be challenged except in the instances where a "member" leaves public employment and makes application to the board for the withdrawal of the funds accumulated to his credit in the System. Creditors who attempt to use an attachment or garnishment process, in order to reach the fund belonging to the detaching member, insist that at some point, perhaps at the time the application for withdrawal is filed, the funds are no longer those of the System or fund, but belong specifically to the member. Our present inquiry is to determine when membership ceases, and upon that cessation, if the withdrawing member's accumulated savings fund is in such a state of complete release to be his absolutely and in such form as will make it subject to attachment.

Statutory provisions would seem to provide for clearly identifiable "members" accounts. **Sec. 145.21 R. C.,** provides that there must be individual accounts for members showing the amount of his contributions and the interest accumulations. These individual contributions become a part of an "Employees Savings Fund" as provided by §145.23 (A)

R. C., which section further provides that the fund shall be available for the return to the member, upon his withdrawal, of the sum accumulated in his individual account. Sec. 145.25 R. C., provides that each fund set up in §145.23 R. C., is a legal entity.

Money belonging to an individual member is clearly identifiable. The obvious legislative purpose was to preserve the contributions made by the individual to his uses. All of the funds for which provision is made in §145.23 R. C., are, however, under control of the board and, further, the section directs the transfer from one fund to another under prescribed conditions and also for the reduction and enhancement of funds upon the occurrence of certain events. There is no provision in the section under which a member can arbitrarily acquire his interest or automatically receive it under given conditions.

Membership in the system is compulsory for non-elective public employees (§145.03 R. C.), and voluntary for elective officials (§145.20 R. C.). They become "members" by either devise and a member is defined in §145.01 (B) R. C., as follows:

" 'Member' means any person included in the membership of the public employees retirement system."

It would seem from that definition that a public employee is a member as long as he is "included." By whom or by what process the "including" is done is not too easily determined, but once in the system the employee continues as a member until something happens to terminate his "inclusion."

Sec. 145.41 R. C., suggests that there are two ways to terminate membership. The language of the section is:

"Membership shall cease upon refund of accumulated contributions or upon retirement * * *."

Retirement poses no problem for us and that concept is relatively simple. The other area is somewhat more complicated since there are choices available to the member who ceases to be a public employee. He may leave his contributions on deposit as provided in §145.41 R. C. The member may "exempt himself" and later "withdraw the exemption" and be reinstated in the System. (Sec. 145.28 R. C.)

Our problem arises, however, when the member ceases to be a public employee for any cause other than death or retirement and within ten years after cessation of service makes application for the return of his accumulated contributions. The part of §145.40 R. C., applicable to that situation reads:

"Subject to such rules and regulations as are established by the public employees retirement board, upon application to the board within ten years of such cessation of service, shall be paid the accumulated contributions standing to the credit of his individual account in the employees' savings fund,"

The brief of the attorney general filed upon behalf of the Public Employees Retirement System Board does not reveal a single rule or regulation passed by the board at anytime dealing with this matter. The exhibits attached to the brief reveal many situations in which board action has authorized the withdrawal of the application of the

member and the cancellation of an already issued auditor's warrant in order to enable the member to change his status or to permit payments to be made to a beneficiary. It would seem, therefore, that the board has established a policy which is the basis for the contention of counsel that "refund of accumulated contributions" occurs when the warrant covering the refund has been cashed, and not before.

It would appear that the legislature intended "rules and regulations" to be controlling. Counsel for the board well argues that "where the language of a statute is plain and unambiguous and conveys a clear and definite meaning" that courts should approach with fear and trembling. This court respects that rule but urges that the principle applies as well to §145.40 R. C., as to §145.56 R. C. A board rule, respecting the requirements of the administrative procedure act if it applies to this board, but in any event a rule or regulation, would establish clearly the time when "refund of accumulated contributions" occurs. Such a rule would also discourage the efforts of counsel for creditors of members to reach the funds of members before that time.

This court feels that the unusual protection afforded members of the System by §145.56 R. C., should not be construed to permit abuses, nor should those who administer the funds of the members lend their efforts to protect irresponsible members who avoid the payment of their just debts. It is the considered opinion of this court, however, that the many possible elections available to members upon termination and the ramifications of possible beneficiary interests arising out of pure contingencies, support the conclusion that all funds in the System are under the control of the board and that control is not relinquished until payment is consummated. A review of the chapter covering "Public Employees Retirement System" can lead to but one conclusion and that is the necessity for board control over all matters. Such control must extend to the point of final payment. There are probably many situations that would prove that contention. One possibility is striking. A warrant could be issued in response to an application by a terminated member for his accumulated contributions. He dies before cashing the warrant. His beneficiaries can now elect to receive the payments provided by the law. To permit attachment before the time of cashing the warrant would destroy rights clearly protected by §145.56 R. C., such a claim being within the phrase "any optional benefit, any other right accrued or accruing to any person."

The motion of the Public Employees Retirement System is sustained and the subpoena issued herein is dismissed.